UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| CATHY L. BALDRIDGE | CIVIL ACTION NO. 04-2381 |
|---|---|
| versus | JUDGE HICKS |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Cathy Baldridge ("Plaintiff") applied for Disability Insurance Benefits and Supplemental Security Income based on an assertion that she became disabled on July 15, 2001 due to diabetes, high blood pressure, a blood clotting disorder, a sleeping disorder and manic depression. Plaintiff was 46 years old at the time ALJ W. Thomas Bundy decided her claim. She has a 12th grade education and past work experience that includes employment as a case coordinator working with handicapped children and as a video poker cashier.

The ALJ found that Plaintiff had severe impairments but was not disabled because she retained the ability to perform the demands of her past relevant work. The Appeals Council declined to review the decision. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g).

**Issue on Appeal**

Plaintiff has been hospitalized several times following suicide attempts and other serious mental health episodes. The ALJ found that Plaintiffs' mental health symptoms could be controlled if she complied with her prescribed treatment. Plaintiff complains that (1) the evidence does not support a conclusion that she was not compliant with her medications and (2) the ALJ failed to consider whether her mental limitations were a reason for any non-compliance. She argues in her reply brief that she was not afforded an adequate opportunity to show justifiable cause for any failure to be compliant.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**The ALJ's Decision**

The ALJ's written decision includes a detailed review of the lengthy medical records that reflect serious mental health problems. (Plaintiff's counsel also outlined in a pre-hearing

brief Plaintiff's history of hospitalizations. Tr. 184-89.) Plaintiff received both in-patient and out-patient treatment in Florida in 1997. She was hospitalized at Charter Forest Hospital in Shreveport in 1998 to treat major depression. She was admitted to the Center for Recovery in 2000 after being stuck in a cycle of video poker addiction. In July 2001, Plaintiff took an overdose after losing a significant amount of money at a casino. She was hospitalized at LSU-HSC. She was discharged after about two weeks with final diagnoses of bipolar affective disorder, mixed, severe, with psychotic behavior and a borderline personality disorder.

Plaintiff was admitted to the psychiatric unit at LSU-HSC in October 2001 due to thoughts of suicide by shooting herself or overdosing. She was discharged after four days. Plaintiff did well for a while but was again hospitalized in May 2003 after she made suicidal threats over the phone. She had contacted several social agencies for help and made the threats after becoming frustrated. Plaintiff was again hospitalized on December 31, 2003 after a suicide attempt by overdose and cutting her wrists. These episodes, as well as Plaintiff's other health problems, are discussed in detail in the ALJ's decision. Tr. 15-28.

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff was not working (step one), and he found that Plaintiff had bipolar disorder, a personality

disorder/pathological gambling, a generalized anxiety disorder, and a history of deep vein thrombosis and a blood clotting disorder, impairments that are severe (step two) within the meaning of the regulations.

The ALJ then examined whether the limitations met or equaled a listing (step three) that would result in a finding of disability without further consideration. During his discussion of the mental health listings, he concluded that Plaintiff did not satisfy the "B" criteria because, among other reasons, the evidence "indicates her symptoms can be well controlled so long as she is compliant with her medications." Tr. 23. He recognized the history of admissions for psychiatric symptoms, but noted that the records showed "very rapid response to medication compliance." Id.

The ALJ then turned to an assessment of Plaintiff's credibility and residual functional capacity ("RFC"). During that discussion, he noted that "each time the claimant has resumed proper treatment and medication management, she has responded well to treatment compliance." He similarly found that the records consistently showed that "the claimant's symptoms of depression can be controlled by medication compliance and abstinence from gambling." Tr. 24. When discussing the degree of limitation in Plaintiff's ability to maintain attention and concentration, the ALJ found that "so long as she is compliant with her medications, she does not have a marked limitation in this area." Tr. 25-26.

The ALJ concluded that Plaintiff retained the RFC for the exertional and non-exertional demands of all work, reduced by the need to alternate between sitting and standing

at will. He also found that Plaintiff was moderately limited in her ability to understand and carry out detailed instructions and slightly limited in areas such as the ability to maintain attention and concentration. Tr. 25-28. A vocational expert ("VE") testified that a person with Plaintiff's vocational factors and the RFC assessed by the ALJ was capable of performing Plaintiff's past relevant work. The ALJ then terminated the analysis at step four.

**Analysis**

The regulations provide that, to get benefits, a claimant must follow treatment prescribed by her physician if the treatment can restore her ability to work. If the claimant does not follow the prescribed treatment without a good reason, she will not be found disabled. 20 C.F.R. § 404.1530.

Social Security Ruling 82-59 addresses in detail the rules regarding a failure to follow prescribed treatment. Among those rules is that "appropriate development must be made to resolve whether the claimant or beneficiary is justifiably failing to undergo the treatment prescribed." The Ruling directs that the claimant "should be given an opportunity to fully express the specific reason(s) for not following the prescribed treatment." It suggests that detailed questioning may be needed so that the record will reflect "as clearly and accurately as possible" the claimant's reason(s) for failing to follow prescribed treatment.

Ruling 82-59 also sets forth an illustrative list of justifiable causes for failure to follow prescribed treatment. One of those is inability to afford prescribed treatment for which free community resources are not reasonably available in her local community. At the hearing,

the ALJ mentioned during a discussion of Plaintiff's deep vein thrombosis that her doctors said she was "not too good about taking your medication for that" condition. Plaintiff disagreed and explained that she sometimes could not afford the medication, which she said cost $2,700 for half of a prescription. Tr. 45-6. The ALJ later asked Plaintiff what was being done for her at the mental health clinic. Plaintiff answered that she goes there "to get my medication, and they're real good here in Shreveport." Tr. 49. Plaintiff testified, during examination by her attorney, that she had tried to obtain (unspecified) medications through programs such as those sponsored by drug companies, Interfaith Pharmacy (a charitable program) and at LSU-HSC (a state-operated facility). She said that she could get her prescribed medications through those programs for only a couple of months or three months at a time, or a prescription would change and require the process to begin again. Tr. 56-7. Kim Williams, Plaintiff's case manager at the Shreveport Mental Health Center, testified that she is in frequent contact with Plaintiff because Plaintiff requires a lot of prompting remembering things such as appointments. Tr. 55 & 59.

The ALJ's decision rested, to a significant degree, on his conclusion that Plaintiff would not have certain limitations or experience more severe degrees of limitations if she were compliant with her medication. The written decision notes remarks in some medical records that Plaintiff had not been taking her medication at the time of some mental health episodes, but neither those records nor the ALJ's written decision include explanations as to the reason(s) for the failures or whether Plaintiff had justifiable cause for failure.

**Conclusion**

This was a factually complex case with a large number of medical records for the ALJ to analyze with respect to both mental and physical limitations.  His written decision is thorough in most respects, but the decision does not reflect the degree of attention to the compliance issue that is required by Ruling 82-59.  Considering the governing law and that the ALJ's decision rests to such a significant extent on the finding of noncompliance, the decision is not supported by substantial evidence.  The decision should be reversed and the case remanded so that the ALJ may engage in the record development and other requirements of Ruling 82-59 if he elects on remand to rest his decision on medical noncompliance.

On remand, Plaintiff and the agency may further explore any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

Those issues may include whether any failure to take prescribed medications is a result of a mental health condition itself and, therefore, neither willful nor without a justifiable excuse. See Grossweiler v. Barnhart, 2003 WL 22454928 (W.D. Tex. 2003) and Brashears v. Apfel, 73 F.Supp. 2d 648 (W. D. La. 1999).  Plaintiff has not pointed to any evidence in the record to indicate that is the case, but she has made argument on this point in her brief.

Plaintiff is represented by competent counsel who is encouraged to present to the agency on remand any evidence and argument she has on that or any other issue.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and this case be **REMANDED** to the agency for further proceedings consistent with the court's decision.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 5th day of December, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE